I respectfully dissent and would hold that the orders refusing to remove the executor of the estate and confirming the expenditure of attorney fees from estate assets to defend the estate and the executor in the separate actions against them are "provisional remedies" and that these orders are final and appealable pursuant to R.C. 2505.02(B)(4)(a) and (b). The majority finds that if the worst case scenario for Patricia occurs, that is, if Laverne wrongfully depletes the estate of all assets through attorney fees and through mismanagement of the estate's funds and assets, Patricia will have a meaningful, effective remedy at the end of the entire estate proceeding by means of a lawsuit against Laverne individually. I believe that for all practical purposes, once the assets of the estate are spent or otherwise dissipated, there will be no effective way to recover those monies from Laverne individually, if it is ultimately found that Laverne mismanaged the estate and that Patricia's claim against the estate is valid. Obtaining a judgment against a party and collecting on that judgment are two entirely separate issues. Where, as here, it is unlikely that a party could collect on a judgment after all the estate assets are spent or otherwise dissipated, I believe that there is no "meaningful or effective remedy by an appeal following final judgment."
Thus, pursuant to R.C. 2505.02(B)(4), I would find that the denial of the motion to remove Laverne as executrix and the denial of the motion to prohibit the use of estate funds to pay for the defense of the contested claim against the estate, are final appealable orders.